**Danny LEWIS, Petitioner/Appellant,**

v.

**Robert G. BORG, Respondent/Appellee.**

No. 88–15755.

United States Court of Appeals, Ninth Circuit.

Submitted June 27, 1989 *.

Decided July 14, 1989.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Danny Lewis, Represa, Cal., for petitioner/appellant.

David Lew, Deputy Atty. Gen., Atty. Generals Office, San Francisco, Cal., for respondent/appellee.

Before BROWNING, PREGERSON and THOMPSON, Circuit Judges.

PER CURIAM:

Danny Lee Lewis appeals the district court's denial of his petition for writ of habeas corpus. The district court found that Lewis was in default of state procedure because he failed to raise his claim of prosecutorial misconduct on direct appeal to the California Court of Appeal. The district court then denied Lewis' petition because he failed to demonstrate cause and prejudice under the *Wainwright v. Sykes* standard. *See Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed. 2d 397 (1986); *Wainwright v. Sykes*, 433

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed. 2d 594 (1977). Lewis contends on appeal that the district court erred in finding procedural default because the California Supreme Court adjudicated Lewis' prosecutorial misconduct claim for habeas relief on the merits. We agree and reverse.[1]

## DISCUSSION

We have held that a federal habeas claim is not barred by the procedural default rule when the state court declines to apply the procedural bar and adjudicates the habeas claim on the merits. *Tacho v. Martinez,* 862 F.2d 1376, 1378 (9th Cir.1988). In this case, the California Supreme Court denied Lewis' habeas petition without citation or comment. We have held that such a summary denial of a habeas petition by the California Supreme Court constitutes a decision on the merits, *Harris v. Superior Court,* 500 F.2d 1124, 1128 (9th Cir.1974), *cert. denied,* 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975), and as such, satisfies the requirement that a habeas petitioner exhaust all state remedies before seeking federal habeas relief. *Id.* at 1127–28.[2] Therefore, Lewis did exhaust his state remedies and the district court erred in finding procedural default.

REVERSED and REMANDED.

---

**1.** We commend appellant Lewis and Randy A. Myers, the "layman at law" who assisted Lewis, for a well-argued pro se brief. We also commend the Office of the Attorney General of the State of California for a straightforward brief that openly conceded the district court's error.

**2.** *McQuown v. McCartney,* 795 F.2d 807 (9th Cir.1986), is not to the contrary. In *McQuown,* we held that the California Supreme Court's summary denial of a habeas petition was not a decision on the merits when the petition had been previously denied by a California court of appeal on procedural grounds. *See id.* at 810. In this case, as in *Harris,* the California Supreme Court denied an *original* habeas petition, not a petition that had been previously denied by a lower appellate court on procedural grounds.