**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

SEP 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY A. JONES, Jr., | No. 09-56592 |
| Petitioner - Appellant, | D.C. No. 5:06-cv-00675-DDP-MLG |
| v. | |
| SCOTT TURNER, Warden; A. J. MALFI, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted August 31, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and MCCUSKEY, Chief District Judge.[**]

Appellant Henry A. Jones appeals the district court's dismissal of his 28

U.S.C. § 2254 habeas corpus petition as untimely, rejecting Jones's argument for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]    The Honorable Michael Patrick McCuskey, Chief District Judge for the U.S. District Court for Central Illinois, Urbana, sitting by designation.

equitable tolling based on his mental impairments.  We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm the district court's dismissal of the petition.

Jones contends that his mental illness, low cognitive ability, and learning disability considered together are extraordinary circumstances that entitle him to equitable tolling.  After an evidentiary hearing, the district court found that Jones's numerous pro se filings during the statute of limitations period show that these impairments did not make it impossible for him to timely file his habeas petition. *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir.  2005), *modified on other grounds*, 447 F.3d 1165 (9th Cir.  2006).  This finding was not clear error.[1]

In the alternative, Jones asks that we remand this case to apply the two-part test recently articulated in *Bills v. Clark*, 628 F.3d 1092, 1099–1101 (9th Cir. 2010).  We have reviewed the record, and conclude that a remand is unnecessary because there is nothing in the record that would yield a different result under the standard articulated in *Bills*.  The district court found that Jones was able to file a habeas petition despite his mental impairments, and that he did not demonstrate that he needed to rely on other inmates to do so.  The record supports these findings.

---

[1] We do not reach Jones's arguments that he is also entitled to statutory tolling.  Even assuming that Jones was entitled to all the statutory tolling he argues for, his petition is not timely without equitable tolling based on his mental impairments.

Finally, Jones's argument that he could not file his petition "on his own" under *Bills* because he relied on sample forms and filing directions provided by others is foreclosed by *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a pro se petitioners lack of legal sophistication does not warrant equitable tolling).

**AFFIRMED.**