**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSEPH STANCLE,
       *Petitioner-Appellant,*

v.

IVAN D. CLAY, Warden,
       *Respondent-Appellee.*

No. 09-56374

D.C. No.
2:09-cv-01451-
ODW-MLG

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted
February 6, 2012—Pasadena, California

Filed August 28, 2012

Before: Dorothy W. Nelson, Diarmuid F. O'Scannlain, and
N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

**COUNSEL**

John Ward, San Francisco, California, for the petitioner-appellant.

Kamala D. Harris, Dane R. Gillette, Pamela C. Hamanaka, Kenneth C. Byrne, and David C. Cook (argued), California Attorney General, Los Angeles, California, for the respondent-appellee.

**OPINION**

N.R. SMITH, Circuit Judge:

In this appeal, Joseph Stancle challenges the district court's conclusion that his 28 U.S.C. § 2254 habeas petition is time-barred by the one-year statute of limitations in the Antiterro-

rism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). We confront two issues in determining whether the petition was time-barred. As to statutory tolling, it is only appropriate for the period between two state habeas petitions filed in the same court when the second petition is "limited to an elaboration of the facts relating to the claims in the first petition." *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006). Thus, reviewing de novo the district court's dismissal, we affirm the district court's ruling that Stancle is not entitled to statutory gap tolling for the forty-four day period between the denial of his first habeas petition filed in the Superior Court of California, County of Los Angeles (the "superior court") and the filing of his second petition in that same court, because his second petition was not limited to an elaboration of the facts relating to the claims in his first petition. As to equitable tolling, even assuming de novo review, we affirm the district court's ruling that Stancle is not entitled to such tolling. Stancle fails to meet his burden of showing that his "mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *See Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010).

## I.   FACTS AND PROCEDURAL HISTORY

On January 10, 2007, Stancle pleaded nolo contendre in California Superior Court to one count of continuous sexual abuse of a child (Cal. Penal Code § 288.5(a)) and one count of committing a lewd act upon a child (Cal. Penal Code § 288(a)). He was sentenced to twelve years in prison for the first count and six years for the second, to be served concurrently. Stancle did not appeal. Hence, the judgment became final on March 11, 2007, the date California's sixty-day appeal period lapsed. *See* Cal. R. Ct. 8.308(a).

On October 12, 2007, Stancle filed a petition for writ of habeas corpus in the superior court. On November 13, 2007, the superior court denied the petition. The superior court's November 13, 2007 minute order stated: "The Court reads and considers the petition for writ of habeas corpus filed November 8, 2007. This date, the petition for writ of habeas corpus is denied." Stancle filed another petition in the same superior court on December 27, 2007 (forty-four days after the first petition was denied).[1] The superior court denied the second petition on January 24, 2008. On February 3, 2008, Stancle filed a petition in the California Court of Appeal, which was summarily denied on February 14, 2008. Then, on March 13, 2008, Stancle filed a petition in the California Supreme Court, which was summarily denied on October 16, 2008.

On February 24, 2009, Stancle filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. Ivan Clay (Appellee) filed a motion to dismiss, arguing that the petition was time-barred by the AEDPA one-year statute of limitations. Stancle filed a response. However, the magistrate judge concluded that the motion to dismiss should be granted, because Stancle was not entitled to either statutory "gap" tolling or equitable tolling.

In the magistrate judge's report and recommendation, he recognized that Stancle's federal habeas petition would have been timely if the entire period starting from the filing of the first petition in the superior court (October 12, 2007) to the denial of his last petition by the California Supreme Court (October 16, 2008) tolled the AEDPA statute of limitations. However, citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003), the magistrate judge found that Stancle was "not entitled to statutory gap tolling for the 44 days between the

---

[1]We point out the number of days that elapsed between Stancle's first and second superior court petitions, because this is the period at issue in this case.

two state superior court filings, from November 13, 2007 to December 27, 2007, because the petitions were filed in the same court, rather than being pursued at the next appellate level." Of the 365 days allowed to file the habeas petition, 215 days expired from the March 11, 2007 final judgment date to the filing of the first petition on October 12, 2007, and forty-four days expired between the denial of the first superior court petition and the filing of the second superior court petition. Because the forty-four day period was not eligible for tolling, Stancle was left with 106 days from October 16, 2008 (when the California Supreme Court denied his petition) to file a federal petition—i.e., a deadline of January 30, 2009. Therefore, the magistrate judge concluded that Stancle's February 24, 2009 federal habeas petition filing was untimely pursuant to 28 U.S.C. § 2244(d)(1).

Stancle also argued that his petition should be considered timely, because he is entitled to equitable tolling based on his illiteracy and cognitive challenges. In support of the argument, Stancle included a declaration from his jailhouse lawyer, Jesse Wagner. In the declaration, Wagner stated that he drafted Stancle's petition pursuant to the American Disabilities Act and because Stancle required assistance due to his illiteracy and cognitive challenges. Wagner further stated that, based on his experience with Stancle and his review of educational records and institutional assessments, he had learned that Stancle's educational battery was that of a second grader, and he "is unable to articulate his thoughts in a cognizant manner; asks identical questions repetitively; and appears to be unable to understand general matter of a daily routine." Further, Stancle attached a testing document indicating that his reading, mathematics, and language skills were generally at a second grade level.

Notwithstanding, the magistrate judge concluded that Stancle was not entitled to equitable tolling, because he did not show that "his alleged low intelligence prevented him from understanding his legal rights or from filing a timely petition."

The magistrate judge noted that Stancle had only shown "a significant educational deficit, which the Ninth Circuit has held is not a basis for equitable tolling." In sum, the magistrate judge found that Stancle had "not demonstrated that any extraordinary circumstance stood in the way of his filing a timely petition."

The district court accepted and adopted the magistrate judge's report and recommendation in full and ordered the petition dismissed with prejudice. A timely notice of appeal followed. We granted a certificate of appealability for "the following issue: whether the district court properly dismissed appellant's 28 U.S.C. § 2254 petition as untimely, including whether appellant is entitled to (1) statutory 'gap' tolling for the period of time between the superior court's dismissal of appellant's first petition and his filing of a second petition in that same court, and/or (2) equitable tolling based on mental incompetence."

## II.  JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 2253. "We review de novo a district court's dismissal of a petition for writ of habeas corpus under AEDPA's statute of limitations." *Summers v. Schriro*, 481 F.3d 710, 712 (9th Cir. 2007). The district court's findings of fact and competency determination are reviewed for clear error. *Bills*, 628 F.3d at 1096. The petitioner bears the burden of demonstrating that he or she is entitled to equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). "If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is . . . reviewed de novo. Otherwise, findings of fact made by the district court are to be reviewed for clear error." *Bills*, 628 F.3d at 1096 (internal quotation marks omitted) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). "[I]f a district court's findings rest on an erroneous view of the law, they may be set aside on that basis." *Pullman-Standard v. Swint*, 456 U.S.

273, 287 (1982). The district court may be affirmed on any ground supported by the record. *Kemp v. Ryan*, 638 F.3d 1245, 1254 (9th Cir. 2011).

## III. DISCUSSION

### A. Statutory Gap Tolling

**[1]** AEDPA sets a one-year statute of limitations period on state prisoners' habeas corpus petitions. 28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward [the] period of limitation . . . ." *Id.* § 2244(d)(2). "The United States Supreme Court has held that applications for state post-conviction relief . . . will be deemed 'pending' for purposes of 28 U.S.C. § 2244(d)(2), even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level . . . ." *Biggs*, 339 F.3d at 1046 (citing *Carey v. Saffold*, 536 U.S. 214, 223-25 (2002)). In other words, "an application for post conviction relief is pending during the 'intervals between a *lower* court decision and a filing of a new petition in a *higher* court.' " *Id.* at 1048 (quoting *Carey*, 536 U.S. at 223); *accord Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief . . . .").

Although the gaps or intervals between the filing of petitions to higher courts are usually tolled, *Banjo*, 614 F.3d at 968; *Biggs*, 339 F.3d at 1048 n.1, we employ a general two-part test to determine whether the period between petitions filed in the same court are tolled, *see Banjo*, 614 F.3d at 968 ("We employ a two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled.").

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making proper use of state court procedures, and his application is still "pending" for tolling purposes. . . . We then ask whether they were ultimately denied on the merits or deemed untimely. In the former event, the time gap between the petitions is tolled; in the latter event it is not.

*King*, 340 F.3d at 823 (some internal quotation marks and citations omitted); *accord Banjo*, 614 F.3d at 968-69 (outlining the same test). The court applies the test outlined in *King* (the "*King* test") even if the first petition was denied based on deficiencies and with allowance by the court to amend in order to comply. *See King*, 340 F.3d at 823 (the court applied the test to a second petition after the first was denied based on the lack of sufficiently particular allegations of the facts).

**[2]** The first prong of the *King* test is at issue here. Under the first prong, in order for statutory gap tolling to be appropriate, Stancle's second petition must be "limited to an elaboration of the facts relating to the claims in the first petition," or "simply attempt[ ] to correct the deficiencies" of the first petition. *Id.*

### 1. Application of King Framework: "New Round"

We must now determine whether Stancle limited his second superior court petition "to an elaboration of the facts relating to the claims in the first petition" and "simply attempted to correct the deficiencies" in the first petition. *King*, 340 F.3d at 823. Appellee contends that the following claims were alleged for the first time in Stancle's second petition and thus it was not merely an elaboration of the facts in the first peti-

tion: (1) Stancle was prejudiced due to cumulative misconduct; (2) Stancle's trial counsel erroneously did not declare a doubt as to his competence to stand trial; and (3) the superior court lacked jurisdiction over the case because the statute of limitations expired for the charged offenses. However, Stancle contends that the claims were alleged in the first petition.

**[3]** Before addressing whether each of the alleged new claims is actually "new," we must define a "claim." "[T]he term 'claim' means 'an asserted federal basis for relief from a state court's judgment of conviction.' " *West v. Ryan*, 652 F.3d 1071, 1077 (9th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). In *West*, we found the following two assertions to be distinct claims: (1) the assertion that counsel was ineffective for not adequately investigating the defendant's background and introducing evidence that would have invalidated aggravating factors; and (2) the assertion that defendant's recent diagnosis of post-traumatic stress disorder rendered him ineligible for the death penalty. *Id.* With this background, we now assess whether Stancle's alleged claims were new.

The claim that Stancle was prejudiced by cumulative misconduct was part of the introduction of the second petition and not a formal new claim. In fact, the superior court did not consider it to be an asserted ground for relief.

As for the claim that Stancle's counsel erred by not declaring a doubt as to Stancle's competence, some confusion exists initially in arriving at a conclusion as to whether it was a new claim. The confusion arises because Stancle's excerpts of record include two pages in the materials related to the first petition that seem to be two pages missing from the second petition's memorandum of points of authorities related to the claim that Stancle's counsel failed to address his sanity before allowing him to plead guilty. In Stancle's reply brief, he cites to a portion of these two pages to show that his first petition raised the claim, and thus, the claim is not new. We reject this

argument, because the pages are actually part of Stancle's second petition.

**[4]** After clearing up this confusion and after reviewing what was actually part of the first petition, we conclude that the claim of ineffective assistance of counsel due to a failure to raise a doubt regarding Stancle's competence was a new claim. In the first petition, Stancle did not allege that his trial counsel was ineffective for any reason related to Stancle's competence. The first petition did state that Stancle's right to a "cogent defense" was violated, but it stated that the right was violated by the "state court," not Stancle's counsel. Lastly, although Stancle's first petition asserted that his "ineffective counsel violated his [c]ivil rights," this statement is too vague to allow us to find the second petition's claim an elaboration of the facts of the statement in the first petition. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1076 (9th Cir. 2007) ("[I]n order for us to apply the *King* framework and to conclude that the second petition is 'limited to an elaboration of the facts relating to the claims in the first petition,' we must know the nature of the original claims and at least some of the facts relating to those claims. The vague assertion of ineffective assistance in [petitioner's] first [post-conviction relief] notice, where it was never further developed by a petition or substantive memorandum, is insufficient to raise a 'claim' to which the *King* framework can be applied." (citation omitted)).

**[5]** The claim that the superior court lacked jurisdiction over the case because of the statute of limitations (hereinafter the "jurisdiction claim") was also a new claim. The jurisdiction claim does not simply elaborate the facts of an original claim. Stancle argues that, read in context, the jurisdiction claim was just another factual allegation supporting ineffective assistance of counsel. We disagree. In the second petition, each of the independent claims are presented in separate sections, and the jurisdiction claim is not part of Stancle's section outlining his claim for ineffective assistance of counsel. The

second petition's ineffective-assistance-of-counsel section states that counsel was ineffective because counsel (1) failed to object to the continuation of the proceedings during the pendency of a competency evaluation, (2) failed to file a motion to withdraw the guilty plea based on Stancle's insanity, and (3) failed to file a notice of appeal. Nowhere in the discussion of the ineffective assistance of counsel claim does Stancle state that counsel failed to assert that the court lacked jurisdiction because of the expiration of the statute of limitations for one of the charges.

[6] The second petition sets out the jurisdiction claim in an independent section. In that section, Stancle makes the simple claim that one of the charges was untimely, and therefore the court did not have jurisdiction to accept his guilty plea. Stancle does not argue that his counsel should have raised this issue. Moreover, in the second petition's summary of the issue section, the jurisdiction claim is listed as a separate claim, and the superior court treated the jurisdiction claim as a separate claim in its denial of the petition. As such, the jurisdiction claim is not an elaboration of the facts supporting ineffective assistance of counsel, but rather a new claim attempting to do more than elaborate facts related to claims in the first petition. *See West*, 652 F.3d at 1077. Lastly, even assuming that the jurisdiction claim was just another factual allegation supporting ineffective assistance of counsel, it would be a new ineffective-assistance-of-counsel claim. *Cf. Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005); *Riascos-Prado v. United States*, 66 F.3d 30, 35 (2d Cir. 1995). Therefore, because Stancle did not limit his second petition to an elaboration of the facts and his second petition started a "new round,"[2] he is not entitled to statutory gap tolling for the

---

[2]Stancle cites *Gaston v. Palmer (Gaston I)*, 417 F.3d 1030 (9th Cir. 2005), as a case supporting his arguments. However, *Gaston I* is not controlling precedent in this circumstance, because the panel in *Gaston I* granted a panel rehearing in light of *Evans v. Chavis*, 546 U.S. 189 (2006). *Gaston v. Palmer (Gaston II)*, 447 F.3d 1165 (9th Cir. 2006) (order). In *Gaston II*, the panel revised its prior opinion and held that the petitioner was not entitled to gap tolling between his first and second petitions because the fifteen month delay was unreasonable—i.e., untimely. *Id.* at 1166-67.

forty-four days between his first and second superior court petitions.

### 2. Tolling is Inappropriate Between the First And Third Petitions: Untimely

**[7]** We stated in *Biggs* that "an application for post conviction relief is pending during the 'intervals between a *lower* court decision and a filing of a new petition in a *higher* court.' " 339 F.3d at 1048 (quoting *Saffold*, 536 U.S. at 223). "This is true even if the contents of the petitions change." *Delhomme v. Ramirez*, 340 F.3d 817, 819-20 (9th Cir. 2003) (per curiam) (citing *Biggs*, 339 F.3d at 1048 n.1), *abrogated on other grounds by Evans*, 546 U.S. 189. Further, in *Delhomme*, we held that "Delhomme's first round of review was [not] affected by Delhomme's filing overlapping petitions during the pendency of that round." *Id.* at 820. "[E]ach time a petitioner files a new habeas petition at the same or a lower level . . . the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review." *Id.* "Thus, the first round of review remains pending, and tolling does not end until that round is completed at the California Supreme Court, as long as the petitioner does not delay unreasonably, even if the petitioner begins a new round while that round is still pending." *Id.* Therefore, because Stancle's second petition started a new round and assuming (without deciding) that his first and third petitions are part of the same round, Stancle could be entitled to statutory tolling between the first and third petitions unless the delay in filing the third petition was unreasonable. *See King*, 340 F.3d at 823 (prong two); *Delhomme*, 340 F.3d at 820 n.3.

**[8]** Here, the eighty-two day delay between the denial of Stancle's first petition on November 13, 2007, and the filing of the third petition on February 3, 2008, was unreasonable. In *Velasquez v. Kirkland*, the court found time lapses of eighty-one days and ninety-one days were " 'unreasonable' in California." 639 F.3d 964, 968 (9th Cir. 2011). But the *Velas-*

*quez* court inquired as to whether there was an adequate justification for the delays. *See id.* Here, Stancle has not proffered a justification for the delay. Presumably, the justification is that a second petition was filed in the California Superior Court. It was filed forty-four days after the denial of the first petition, and the third petition was filed ten days after the denial of the second petition (with the second petition being denied twenty-eight days after it was filed). The second petition was considered on the merits. However, *Delhomme* stands for the principle that overlapping or additional petitions have "no effect on the already pending application." 340 F.3d at 820. Therefore, assuming the first and third petitions were part of the same round, the reasonableness of the delay between Stancle's first and third petitions is unaffected by the second petition, and the delay was unreasonable.

### 3. Stancle's First Petition Was Decided On the Merits

Stancle asserts that California courts do not allow successive petitions. According to Stancle, because the superior court denied his second petition on the merits rather than denying it as successive, the first petition must have been denied for procedural deficiencies and the second petition thus merely cured such deficiencies. As such, Stancle argues that he is entitled to statutory tolling.

**[9]** We agree that California courts do not generally review unjustified successive petitions. *See In re Morgan*, 237 P.3d 993, 1001 (Cal. 2010) (Corrigan, J., concurring and dissenting); *In re Clark*, 855 P.2d 729, 740-42 (Cal. 1993). However, a summary denial of a state habeas petition by a California superior court "does not mean that the court has not considered the merits of the claims." *Clark*, 855 P.2d at 741 n.9. "Unless a procedural bar is apparent, the [California superior] court will determine whether the petition states a prima facie case for relief . . . ." *Id.* Furthermore, the Ninth Circuit deems a summary denial of a writ of habeas corpus by a state court (also called a postcard denial) denied on the merits. *See Har-*

*ris v. Superior Ct. of Cal., L.A. Cnty.*, 500 F.2d 1124, 1125, 1128-29 (9th Cir. 1974) (en banc) (finding that the statement "Petition for Writ of Habeas Corpus denied" is a postcard denial and deemed denied on the merits); *see also Lewis v. Borg*, 879 F.2d 697, 698 (9th Cir. 1989). "[U]nless a court expressly (not implicitly) states that it is relying upon a procedural bar, we must construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible."[3] *Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008) (construing *Harris*, 500 F.2d at 1125). Here, the California superior court denied the first petition without expressly relying on a procedural bar, so we deem the first petition denied on the merits. By deeming Stancle's first petition as denied on the merits, his argument (that the second petition merely corrected deficiencies because the first petition was denied for procedural deficiencies) fails.

Even if we were not to assume that the superior court denied Stancle's first petition on the merits, Stancle's argument would still fail. The *King* test applies when determining whether tolling is appropriate between the two petitions regardless whether the previous petition was denied for procedural deficiencies or denied on the merits. *See Banjo*, 614 F.3d at 969 (applying the *King* framework to two petitions filed in California Superior Court, even though the first was denied on the merits and the second was denied as successive); *King*, 340 F.3d at 823 (first petition was denied for procedural deficiencies).

---

[3]Stancle argues that *Evans*, 546 U.S. at 197, overturns the presumption that a denial without comment or citation is on the merits. However, *Evans* held that a denial on the merits or the presumption that the denial was on the merits "does not *automatically* warrant a holding that the filing was timely . . . ." *Evans*, 546 U.S. at 197 (emphasis in original). The Supreme Court did not overturn the Ninth Circuit's presumption that a denial without comment or citation is on the merits.

4. *Asserting New Claims Is Not Limiting The Subsequent Petition To an Elaboration of the Facts or Correcting Deficiencies*

Stancle lastly argues that the *King* test does not prevent gap tolling of a subsequent petition that raises new claims as long as the petition corrects deficiencies. This faulty argument may originate from the language in *King*. *King* first states that "subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition," but then states that "if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making proper use of state court procedures." *King*, 340 F.3d at 823 (internal quotation marks omitted).

**[10]** Our case law requires that the second petition be "limited to an elaboration of the facts relating to the claims in the first petition," *King*, 340 F.3d at 823, and any attempt to correct deficiencies must not add new claims. In *King,* the first petition was denied based on the failure to allege facts with sufficient particularity as required by *In re Swain*, 209 P.2d 793 (Cal. 1949), and *People v. Duvall*, 886 P.2d 1252 (Cal. 1995). *King*, 340 F.3d at 823. King's second series of petitions "made no attempt to correct his prior petition, and therefore were not offered simply to remediate deficiencies, *see Swain*, . . . [209 P.2d 793], *Duvall*, . . . 886 P.2d 1252 . . . ." *Id.* Because *King* cites to *Swain* and *Duvall* (which require that facts be alleged with sufficient particularity) when discussing the need to correct deficiencies, the deficiencies to be corrected were presumably the need to elaborate the facts related to the claims in the first petition.

**[11]** Further, our case of *Hemmerle v. Schriro* indicates that the second petition may not bring new claims, but rather must only elaborate facts relating to claims of the first petition. *See* 495 F.3d at 1076. We stated that we would have to conclude "that the second petition is 'limited to an elaboration of the facts relating to the claims in the first petition,' " if we

were to apply the *King* framework. *Id.* (quoting *King*, 340 F.3d at 823). We did not mention the correction of deficiencies in this explanation. *See id.* In fact, we noted that an extremely vague assertion of ineffective assistance "is insufficient to raise a 'claim' to which the *King* framework can be applied." *Id.* This language indicates that the *King* framework applies only to claims in the first petition; thus, correction of deficiencies means an elaboration of the factual grounds for claims raised in the first petition. Thereafter, we recognized that under *King* the first petition "will often involve an incomplete or insufficient first petition that is corrected or embellished" by a subsequent petition. *Id.* We found that the alleged first petition was not even a petition at all. *Id.* "Therefore, the second petition did not 'correct' or 'remediate deficiencies' in the first petition; rather it stated the claims for the first time." *Id.* (citation omitted).

**[12]** Based on *King* and *Hemmerle*, *King*'s requirement that a second petition must attempt to correct deficiencies means that the second petition must be "limited to an elaboration of the facts relating to the claims in the first petition." *King*, 340 F.3d at 823. Stancle did not so limit his second petition to elaborations of facts relating to the claims in his first petition. Therefore, he is not entitled to gap tolling for the forty-four days between his first and second petitions.

## B.  Equitable Tolling

Stancle bases his equitable tolling argument on his alleged mental incompetency. Thus, we would generally review the district court's finding regarding Stancle's competency for clear error. *See Bills*, 628 F.3d at 1096. Stancle argues that the "district court's finding[ ] rest[s] on an erroneous view of the law," *Pullman-Standard*, 456 U.S. at 287, because the district court failed to consider *Bills*, 628 F.3d 1092, and thus our review is de novo. We need not determine the appropriate standard of review, because even assuming de novo review, we must affirm the district court.

*Bills* established the following two-part test to determine if we should allow equitable tolling based on mental impairment:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
>> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>>
>> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

628 F.3d at 1099-1100 (citations and footnote omitted).

*Bills* notes that, "to evaluate whether a petitioner is entitled to equitable tolling, the district court must . . . determine whether the petitioner's mental impairment made it impossible to timely file *on his own* . . . ." *Id.* at 1100-01 (emphasis added). However, "[w]ith respect to the necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available." *Id.* at 1101. *Bills* summarizes the relevant question as "Did the mental impairment cause an untimely filing?" *Id.* at 1100 n.3 (citing *Spitsyn*, 345 F.3d at 799).

**[13]** Even assuming arguendo that the district court here did not appropriately address whether Stancle's mental

impairment was an extraordinary circumstance under part one of the *Bills* test, Stancle must meet both parts of the *Bills* test. The district court appropriately found that Stancle effectively failed to satisfy the second prong of that test. Under the second prong, "the petitioner must show diligence in pursing the claims . . . [and] that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.* at 1100. "[T]he second prong considers whether the petitioner's impairment was a but-for cause of any delay." *Id.* In sum, the petitioner must show diligence in seeking assistance with what he could not do alone. *See id.* Some of the same considerations used to review the first prong of *Bills* are also relevant to the analysis of the second prong, because the second requires a review of the totality of the circumstances.

**[14]** Here, the magistrate judge noted that Stancle "had the continual assistance of . . . Wagner in filing both his federal and state habeas corpus petitions," and the state court petitions were filed "during the time immediately prior to the filing of his federal habeas petition." Further, the magistrate judge noted that Stancle delayed filing his first petition in superior court for seven months, because he was waiting for a response to his request for assistance from the Innocence Project and a response for clemency from the Governor. Thus, the magistrate judge concluded that "Petitioner has not demonstrated that any extraordinary circumstance stood in the way of his filing a timely petition." The determination is equivalent to a finding that Stancle was not diligent and "that the mental impairment [did not make] it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Bills*, 628 F.3d at 1100. Thus, by adopting the magistrate judge's report and recommendation, the district court properly considered part two of the *Bills* test and properly found that it was not satisfied.

## IV.   Conclusion

Stancle is not entitled to statutory tolling for the time gap or interval between the denial of his first superior court habeas petition and the filing of his second to the same court, because Stancle did not limit his second petition to an elaboration of the facts or simply attempt to correct deficiencies. Further, Stancle's alleged mental incompetence is insufficient to warrant equitable tolling, because he did not meet his burden of showing that he could not have filed a timely petition with the assistance he was receiving. For these reasons, the decision of the district court is AFFIRMED.