NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY LEE BILLS,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>KEN CLARK, Warden,<br><br>    Respondent - Appellee. | No. 12-17827<br><br>D.C. No. 2:06-cv-02223-MCE-GGH<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted January 27, 2014[**]

Before: HAWKINS and FISHER, Circuit Judges, and TYMKOVICH, Circuit Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

In the prior appeal of this case, *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), we articulated a two-part test for deciding whether a mental impairment constitutes an "extraordinary circumstance" sufficient to equitably toll a prisoner's time to file a petition for habeas corpus relief under the Antiterrorism and Effective Death Penalty Act of 1996.

Under the first prong, *Bills* explains that a mental impairment is an "extraordinary circumstance" only when it is "so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable to personally" prepare and file the habeas petition. *Bills*, 628 F.3d at 1099–1100. *Bills*'s second prong requires the prisoner to show that, despite his diligence, "the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances." *Id.* at 1100. Stated another way, to be eligible for equitable tolling, the otherwise diligent petitioner's mental impairment must be the cause-in-fact of any delay. *See Stancle v. Clay*, 692 F.3d 948, 959 (9th Cir. 2012) *cert. denied*, --- U.S. ---, 133 S. Ct. 1465, 185 L. Ed. 2d 372 (2013).

The district court concluded Mr. Bills has not met the second prong of *Bills* because he was not "diligent in attempting to comply with the filing requirements." *Bills*, 628 F.3d at 1101. After our own careful review of the record, and considering the totality of the circumstances surrounding Mr. Bills's untimely

petition, we agree with the district court that Mr. Bills has not exercised the requisite diligence to benefit from equitable tolling.

AFFIRMED.