**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY A. CHATMAN, | No. 12-15461 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00264-KJM-CKD |
| v. | |
| RICK HILL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted September 11, 2014
San Francisco, California

Before: WALLACE, SCHROEDER, and W. FLETCHER, Circuit Judges.

Larry A. Chatman appeals the district court's dismissal of his habeas petition as untimely and argues he is entitled to equitable tolling on the basis of his mental illness. A petitioner is entitled to equitable tolling on the basis of mental impairment when: (1) his mental impairment was "so severe" that he was either

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

unable to "understand the need to timely file" or unable to "personally prepare a habeas petition and effectuate its filing" and (2) he was diligent in "pursuing the claims to the extent he could understand them, but that [his] mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010).

Chatman produced uncontroverted evidence demonstrating a long history of mental illness, including a report by a psychiatric expert, Social Security Administration disability records, and prison medical records. Chatman has been diagnosed with psychotic disorder, paranoid schizophrenia, alcohol-induced persisting dementia, alcohol abuse disorder, and antisocial personality disorder. The records also indicate that Chatman frequently suffers from depression and experiences auditory hallucinations. Moreover, the records show that Chatman has an IQ of 69 and the language skills of a third-grader. Chatman was very heavily medicated during at least part of the filing period. According to the affidavits of Chatman and other inmates, Chatman was able to file motions and petitions, including his federal habeas petition, only with the assistance of other inmates.

The magistrate judge found that Chatman had not met his burden of showing that his mental health problems were so severe that he was unable to personally

2

prepare and file a habeas petition, relying partly on Chatman's own self-reporting of his mental status. The magistrate judge also found that Chatman had not demonstrated why his illiteracy prevented him from timely filing, but did not address Chatman's mental retardation or the effect of his high levels of medication. The district court declined to adopt the portions of the magistrate judge's findings that relied on Chatman's own reporting, but found the magistrate judge's ultimate conclusion correct.

Our court in *Bills v. Clark* stated the standard of review for equitable tolling in the context of a mental impairment as follows:

> The dismissal of a petition for writ of habeas corpus as time-barred is reviewed de novo. If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo. Otherwise, findings of fact made by the district court are to be reviewed for clear error.

628 F.3d at 1096; *see also Gibbs v. LeGrand*, No. 12-16859, 2014 WL 4627991 at *2 (9th Cir. Sept. 17, 2014).

In this case, the underlying medical record is undisputed, so *Bills* appears to authorize de novo review. Chatman met his burden under the first prong of *Bills* by showing that his severe mental illness, combined with his mental retardation, rendered him unable to timely file a petition. On the same basis, Chatman also

3

demonstrated that he was diligent in pursuing his claims under the second prong of *Bills*. The district court thus erred in holding that Chatman was not entitled to equitable tolling under the *Bills v. Clark* standard.

Even if we were to review for clear error, we would reach the same result. The district court's findings did not take into account the severity of Petitioner's impairments. The district court thus clearly erred in discounting the severity of Chatman's mental illness, and failing to take into consideration Chatman's mental retardation. Because Chatman repeatedly attempted to secure the assistance of other inmates, and was able to file only after securing such assistance, the district court clearly erred in finding he had failed to show his mental condition caused the delay.

The decision of the district court is **REVERSED** and this case is **REMANDED** to allow Chatman to file his § 2254 petition.

*Chatman v. Hill*, 12-15461

WALLACE, Circuit Judge, dissenting:

I respectfully dissent on two grounds. First, the majority errs in applying the de novo standard of review to the district court's factual determination of mental incompetency. Reviewed through the lens of deference owed to a district court's factual determinations, I conclude that the district court's finding was not clearly erroneous and should be affirmed. Second, even if the district court's findings regarding the severity of Mr. Chatman's mental illness were clearly erroneous, the majority also errs in reversing the district court's judgment while factual issues remain to be determined in the first instance by the district court. To reach its result, the majority improperly exceeds this court's appellate function by independently making a factual finding for the first time on appeal: that Mr. Chatman was diligent in pursuing his claims.

I.

A district court's determination regarding the severity of a petitioner's mental incapacity, in the context of an equitable tolling analysis, is a factual determination. Accordingly, our court has consistently applied the clear error review standard to such determinations. *Stancle v. Clay*, 692 F.3d 948, 958 (9th Cir. 2012) ("Stancle bases his equitable tolling argument on his alleged mental incompetency. Thus, we would generally review the district court's *finding* regarding Stancle's competency for *clear error*." (emphasis added)); *Forbess v.*

*Franke*, 749 F.3d 837, 840–41 (9th Cir. 2014) (referring repeatedly to the district court's "severity" determination as a "finding" and accepting the finding as "controlling" because it was "well documented"); *Wright v. McDonald*, 468 F.App'x 678, 679 (9th Cir. 2012) *cert. denied*, 133 S.Ct. 323 (2012) ("[A]fter assessing the medical documentation submitted by Wright, the district court did not *clearly err* in *finding* that Wright failed to demonstrate cognitive impairment rising to the level of an extraordinary circumstance." (emphasis added)); *Simon v. Uribe*, 528 F. App'x 764, 765 (9th Cir. 2013) (district court's "finding of fact" that petitioner "failed to show that he suffered from a mental impairment during the tolling period . . . was not clearly erroneous"). *See also Jones v. Turner*, 449 F. App'x 701, 702 (9th Cir. 2011) (holding that the district court's "finding" that petitioner's trifecta of impediments combined "did not make it impossible for him to timely file his habeas petition . . . was not clear error").

In spite of this consistent authority, however, the majority quotes language from *Bills* it believes "appears to authorize de novo review." While it is true the ultimate question whether a petitioner is entitled to equitable tolling is reviewed de novo, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), the prerequisite finding about the severity of a petitioner's mental illness is a factual one that may be reversed only if clearly erroneous, *see Forbess*, 749 F.3d at 840–41. *Bills* acknowledged this distinction in affirming that "[w]e review the district court's

2

*finding* of competency for *clear error*." 628 F.3d at 1096 (emphasis added). Indeed, the majority itself correctly refers to these determinations as "findings" rather than conclusions of law.

Applying the proper standard of review, I do not believe the district court's factual finding was clearly erroneous. Given the record evidence presented, the magistrate judge concluded (and the district court agreed) that Chatman failed to carry his burden under the first test of *Bills* to show that, during the relevant period, his mental illness was so severe that he was unable either to understand the need to file or to personally prepare and file a habeas petition. This finding was not clearly erroneous. Unlike the petitioner in *Forbess*, whose impairment led him to believe the FBI would release him from prison on its own accord without any action on his part, Chatman failed to identify how his impairments left him unable to understand the need to timely file. Of course, the record demonstrates that Chatman suffered from some degree of mental illness; that he was "suspicious" and "anxious"; that he had a fifth-grade reading level; that he exhibited a "dysphoric" demeanor; and that he sometimes heard voices. Perhaps if this panel were siting as the fact finder, it would find these impairments to be sufficiently severe so as to render Chatman "unable rationally or factually to personally understand the need to timely file." *Bills* 628 F.3d at 1100. But as an appellate court, we cannot reverse the district court's factual findings unless they are clearly erroneous. In my view, the district

3

court's finding on this test was not clearly erroneous.

## II.

Even if the majority were to have applied the correct review standard and determined that the district court's finding was clearly erroneous, it still could not properly reverse the district court's judgment without first remanding for further factual findings. Instead of remanding, however, the majority takes it upon itself to proceed independently through the *Bills* analysis and find, for the first time on appeal, that Chatman "demonstrated that he was diligent in pursuing his claims under the second prong of *Bills*." This, like the severity determination, is a factual finding to be made in the first instance by the district court. In this case, however, the magistrate judge and the district court never reached, and therefore never made, a factual finding on the issue of Chatman's diligence. It is improper, therefore, for this court to make that factual finding for the first time on appeal. *Hycon Mfg. Co. v. H. Koch & Sons*, 219 F.2d 353, 355 (9th Cir. 1955) ("No authority is given except to District Courts to make new findings of fact. Presently our sole function as to such findings is to re-examine judicially, criticize and set aside if clearly erroneous"). Assuming we needed to reach the issue of diligence (which, for the reasons stated above, I do not), the proper course would be to remand for a finding on petitioner's diligence, not to make that finding in the first instance on appeal. I therefore dissent.