**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN CUELLAR, | No. 14-55005 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-06036-JFW-FFM |
| v. | |
| J. SOTO, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 17, 2021**

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Steven Cuellar appeals from the district court's order dismissing his 28

U.S.C. § 2254 habeas corpus petition as untimely. We have jurisdiction under 28

U.S.C. § 2253. We review de novo, *Stancle v. Clay*, 692 F.3d 948, 952-53 (9th

Cir. 2012), and we reverse.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In relevant part, the district court concluded that Cuellar was not entitled to statutory tolling for any period after the superior court denied his second habeas petition because his third habeas petition, filed approximately three months later in the California Supreme Court, was untimely. After the district court's order, and in response to a certified question posed by this court, the California Supreme Court decided *Robinson v. Lewis*, 9 Cal. 5th 883, 901 (2020), which announced a 120-day "safe harbor" for gap tolling between California habeas petitions. Under *Robinson*, as the parties agree, Cuellar is entitled to statutory tolling from his second petition's filing until his third petition's denial. *See* 28 U.S.C. § 2244(d)(2); *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006). With the benefit of this tolling period, together with the time the limitations period was tolled while Cuellar's first habeas petition was pending, Cuellar's § 2254 petition filed on February 11, 2013, was timely.

We further hold that the district court erred in treating Cuellar's pro se § 2254 petition filed in February 2013 as an amended pleading that wholly superseded the first petition. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (internal quotation marks omitted). Cuellar's filings, including his letters requesting the opportunity to exhaust additional claims and his

2                                                                                    14-55005

labeling his second petition "supplemental grounds," indicated his intention to supplement his initial petition rather than supersede it. Accordingly, the district court is instructed to review the merits of the claims raised in Cuellar's original § 2254 petition and supplemental § 2254 petition.

**REVERSED** and **REMANDED**.