**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCIE OLA WRIGHT, Jr.,

                Petitioner - Appellant,

    v.

MICHAEL D. MCDONALD,

            Respondent - Appellee.

No. 09-55905

D.C. No. 3:08-cv-02255-JM-PCL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted February 6, 2012[**]
Pasadena, California

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

    Ocie Ola Wright, Jr. appeals the district court's conclusion that his 28 U.S.C.

§ 2254 habeas petition was time-barred by the one-year statute of limitations in the

Antiterrorism and Effective Death Penalty Act of 1996.  We granted a certificate of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appealability regarding whether Wright was entitled to equitable tolling.[1] We

affirm the district court.

"The dismissal of a petition for writ of habeas corpus as time-barred is

reviewed de novo. If the facts underlying a claim for equitable tolling are

undisputed, the question of whether the statute of limitations should be equitably

tolled is also reviewed de novo." *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir.

2010) (internal quotation mark omitted). However, a district court's factual

findings and finding of competency are reviewed for clear error. *Id.* "A petitioner

seeking equitable tolling bears the burden of showing both that there were

extraordinary circumstances, and that the extraordinary circumstances were the

*cause* of his untimeliness." *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010)

(internal quotation marks omitted). Here, after assessing the medical

documentation submitted by Wright, the district court did not clearly err in finding

that Wright failed to demonstrate cognitive impairment rising to the level of an

---

[1] Although Wright briefed a non-certified issue, we decline to expand the certificate of appealability to include it, and thus, we will not review the issue. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood*, 195 F.3d 1098, 1103-05 (9th Cir. 1999) (per curiam).

extraordinary circumstance. Further, Wright has failed to show that his alleged

mental illnesses caused his untimely habeas filing.

**AFFIRMED.**