**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE E. CHICK,<br><br>     Petitioner - Appellant,<br><br> v.<br><br>FRANK CHAVEZ, Warden,<br><br>     Respondent - Appellee. | No. 11-55612<br><br>D.C. No. 2:10-cv-06136-DMG-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted May 6, 2013
Pasadena, California

Before: PAEZ and IKUTA, Circuit Judges, and SEEBORG, District Judge.[**]

  Petitioner Wayne E. Chick appeals the district court's decision dismissing

his habeas petition as untimely. Chick's petition was filed after the one-year

limitations period, 28 U.S.C. § 2244(d), and the district court rejected Chick's

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The Honorable Richard Seeborg, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

argument that he was entitled to equitable tolling. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part and remand for further development of the record as to Chick's mental competency and, if necessary, an evidentiary hearing.

"'[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir.) *cert. denied*, 133 S.Ct. 769 (2012) (quoting *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotation marks omitted)). We have held "that where a habeas petitioner can show 'mental incompetence *in fact* caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance . . . ," and the deadline should be equitably tolled.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (emphasis in *Bills*)).

Chick conceded at oral argument that he has not set forth sufficient facts to meet his burden under *Bills* and is thus not entitled to equitable tolling based on the record as it stands. Rather, Chick argues that his allegations—that he suffers from a mental impairment and that he was deprived of legal materials while in administrative segregation—entitle him to further development of the record.

**1.** A petitioner who alleges that mental illness prevented him from timely filing may be entitled to further factual development even if he has not met his burden to show that he is entitled to equitable tolling. Instead, he must make only "a good faith allegation that would, if true, entitle him to equitable tolling." *Laws*, 351 F.3d at 921.

Here, Chick alleged in his habeas petition that his "late filing of Habeas is due to mental illness." Additionally, at several places in his verified petition and in subsequent filings in the district court, Chick's jailhouse lawyer indicated that Chick's mental impairment rendered him incapable of timely filing a habeas petition. Construing Chick's petition liberally, we hold that Chick has made "a good faith allegation that would, if true, entitle him to equitable tolling." *Laws*, 351 F.3d at 921 (noting that "[w]e must construe *pro se* habeas filings liberally, *Maleng v. Cook,* 490 U.S. 488, 493 (1989), and may treat the allegations of a verified complaint or petition as an affidavit," *id*. at 924).

Respondent has not offered sufficient countervailing evidence to demonstrate that Chick was mentally competent during the tolling period. *See Id*. at 924 (noting that "[o]f course, a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced"). The record reveals no medical evidence from the time period for

which Chick seeks tolling, and the handful of documents in the record reveal only that Chick had some degree of mental impairment but do not conclusively indicate its severity. Thus, this case is distinguishable from *Roberts v. Marshall*, 627 F.3d 768 (9th Cir. 2010). In light of these circumstances, we conclude that the district court erred in dismissing Chick's petition without further development of the record with respect to Chick's alleged mental impairment.[1]

**2.** Chick is not entitled to further factual development with respect to the deprivation of his legal materials. Chick alleged that he was deprived of his legal materials while housed in administrative segregation. Based on Chick's exhibits, the district court concluded that Chick was transferred from administrative segregation to a new facility, "at the latest on October 22, 2008." This factual finding is not clearly erroneous. *See Bills*, 628 F.3d at 1096. It was based on the prison Classification Service Representative's notation that Chick's transfer approval expired on that date. Nor was the district court's subsequent conclusion that "even if petitioner had been separated from his legal materials for a period of time when he was in [administrative segregation], after the transfer he still had

---

[1] We note that the district court may expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. If after reviewing any documents submitted pursuant to Rule 7, the court determines that an evidentiary hearing is necessary, it may hold one as allowed by Rule 8.

almost the entire one-year period [from October 8, 2008 to October 7, 2009] to pursue federal habeas relief." Thus, since Chick would be entitled to a maximum of fourteen days of equitable tolling based on the deprivation of his legal materials and his petition was filed ten months beyond the statutory deadline, Chick's allegations regarding his legal papers, if true, would not entitle him to relief. Therefore, the district court did not abuse its discretion in not further developing the record as to this issue. *See Laws*, 351 F.3d at 921. We therefore affirm the district court's determination that Chick's placement in administrative segregation does not entitle him to equitable tolling.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**