**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STEVEN CHARLES FORBESS,
*Petitioner-Appellant*,

v.

STEVE FRANKE, Superintendent,
Two Rivers Correctional Institution,
*Respondent-Appellee*.

No. 12-35843

D.C. No.
3:08-cv-01261-AC

OPINION

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted
March 4, 2014—Portland, Oregon

Filed April 18, 2014

Before: Alfred T. Goodwin, Stephen S. Trott, and
William A. Fletcher, Circuit Judges.

Opinion by Judge Trott

# SUMMARY[*]

## Habeas Corpus

The panel reversed the district court's denial of an untimely 28 U.S.C. § 2254 habeas corpus petition and remanded for further proceedings, concluding that petitioner suffered from delusions so severe that he was unable to understand the need to timely file his petition, and that the unique nature of those delusions made it impossible to do so.

## COUNSEL

Todd H. Grover (argued), Ward Grover, LLP, Bend, Oregon, for Petitioner-Appellant.

Carolyn Alexander (argued), Senior Assistant Attorney General; Ellen F. Rosenblum, Attorney General; Anna M. Joyce, Solicitor General, Salem, Oregon, for Respondent-Appellee.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## OPINION

TROTT, Circuit Judge:

Today we decide whether the mental illness suffered by petitioner Steven Charles Forbess entitles him to equitable tolling of the statute of limitation for a writ of habeas corpus. We conclude that it does. During the relevant period, Forbess suffered from delusions so severe that he was unable to understand the need to timely file his petition, and the unique nature of those delusions made it impossible for him to timely file. We reverse and remand so that the district court may consider the merits of Forbess's petition.

### I

In 1999, an Oregon state court jury convicted Forbess of the attempted murder, assault, kidnaping, and coercion of his former wife, Joanne. Forbess's direct appeal of that conviction ended when the Oregon Court of Appeals issued its final judgment on November 28, 2001. That judgment triggered the running of the one-year statute of limitation on Forbess's federal habeas petition, though Forbess did not learn of the final judgment until April 2002.

On July 14, 2003, Forbess filed a state habeas petition challenging his conviction, which the state court rejected as improperly filed. It was not until Forbess met with an inmate legal assistant sometime before July 14, 2003, to help him with that state habeas petition that Forbess learned of the one-year limitation period for his federal habeas petition. Forbess also concedes on appeal that he is not entitled to equitable tolling after July 14, 2003, because he rationally understood the need to file after that date.

Forbess filed a petition for state post-conviction relief on October 30, 2003, which tolled the federal habeas statute of limitation until Forbess filed his 28 U.S.C. § 2254 federal habeas petition on October 22, 2008. Excluding the time that was statutorily tolled by Forbess's state post-conviction challenge, Forbess filed his federal habeas petition just over twenty-three months after the one-year statute of limitation had begun to run. The district court thus ordered Forbess to show cause why the court should not summarily reject his federal habeas petition as untimely.

In response, Forbess asked the district court to equitably toll the limitation period because of his mental illness. Forbess claimed that, during the relevant period, he believed he was working with the FBI to help apprehend Joanne and her family, who he believed were part of a drug cartel. Because Forbess had witnessed Joanne's family receive a large shipment of drugs, the cartel supposedly wanted him dead. Forbess thought that the FBI had staged his conviction in an effort to bait Joanne out of hiding. He believed that the FBI asked him to stay in prison until Joanne and her family were arrested, at which time the FBI would secure his release. Forbess therefore believed he had no need to file a federal habeas petition.

The district court denied Forbess's request for equitable tolling. *Forbess v. Mills*, No. 3:08–cv–01261–AC, 2012 WL 4324912 (D. Or. Aug. 17, 2012), *findings and recommendation adopted*, 2012 WL 4328359 (D. Or. Sept. 17, 2012). Although the district court found that Forbess's mental illness kept him from understanding the need to timely file his federal habeas petition, it also found that Forbess did not prove that his mental illness was the but-for cause of his

delay.  The district court rejected the petition as untimely, and Forbess appealed.

## II

> The dismissal of a petition for writ of habeas corpus as time-barred is reviewed de novo.  If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo.  Otherwise, findings of fact made by the district court are to be reviewed for clear error.

*Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

## III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") gives a state inmate one year from the conclusion of his direct appeal to file a petition for federal habeas corpus. 28 U.S.C. § 2244(d)(1)(A). AEDPA tolls the statute of limitation while a "properly filed application" for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  Further, courts may equitably toll the statute of limitation if "extraordinary circumstances" prevented an otherwise diligent petitioner from filing on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

In *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), we articulated a two-part test to determine whether a mental impairment amounts to an "extraordinary circumstance" warranting equitable tolling.  The impairment must have (1) been "so severe that the petitioner was unable personally . . .

to understand the need to timely file . . . a habeas petition," and (2) "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Id.* at 1093. This is not "a mechanical rule"; rather, equitable tolling determinations require "a flexibl[e], case-by-case approach." *Id.* at 1096 (quoting *Holland*, 560 U.S. at 650) (internal quotation marks omitted).

## A.  The Relevant Period

We must determine whether Forbess is entitled to equitable tolling between November 29, 2001, and July 14, 2003. *See* 28 U.S.C. § 2244(d)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Because that period lasted approximately nineteen and a half months, and Forbess concedes that the statute of limitation ran for approximately three and a half months between July 14, 2003, and October 29, 2003, Forbess's petition is timely only if he proves he is entitled to equitable tolling for just over eleven months during any part of the relevant period.

## B.  Prong One:  Severity

To satisfy the first *Bills* prong, Forbess needed to show that his mental illness was "so severe that [he was] unable . . . to understand the need to timely file." *Bills*, 628 F.3d at 1093. The magistrate judge made the following findings of fact to determine that Forbess met his burden of proof on this prong:

> Petitioner believed he was working undercover for the FBI, and his trial was a "sham" orchestrated to lure his ex-wife out of hiding and arrest her for being part of an

extensive drug distribution operation. Petitioner's claim that his delusions persisted *from the time of his trial to the expiration of the limitations period* is supported by the psychological evaluations of Dr. Fickle, Dr. McDonald, and Dr. Melnick, and by the mental health records. During the relevant time period, Petitioner genuinely believed the FBI would release him once they arrested his ex-wife. As such, he was incapable of rationally understanding the necessity of filing a timely habeas petition.

*Forbess*, 2012 WL 4324912, at \*5 (emphasis added).

The magistrate judge explicitly found that Forbess's delusions persisted throughout the relevant period, and that conclusion is well supported by the record. Indeed, various doctors throughout the relevant period opined that Forbess suffered from severe delusions and documented Forbess's belief that he was working for the FBI.

The Superintendent's argument that Forbess was free of delusions from May 2002 through the remainder of the relevant period is not convincing. Although the mental health records show some variance in Forbess's condition, his reluctance to discuss his delusions with his doctors explains the gaps or variations in the mental health records. *See Forbess*, 2012 WL 4324912, at \*3 (Dr. Melnick noted that Forbess "often refuses to tell psychiatrists about his delusions, but that in interviews with non-psychiatrists, he has admitted his belief that he is in the witness protection program and that the FBI would arrange for his release"). And Forbess's extensive history of severe mental illness, also

well documented in the record, bolsters the district court's finding.

We therefore accept as controlling the district court's finding that Forbess's delusions were so severe that he could not rationally understand the need to timely file his federal habeas petition, and that those delusions persisted throughout the relevant period.

## C.  Prong Two: "Impossibility"

Under the second equitable tolling prong, Forbess needed to prove that his mental illness "made it impossible under the totality of the circumstances to meet the filing deadline despite [his] diligence." *Bills*, 628 F.3d at 1093. *Bills*, however, does not require a literal impossibility. *Id.* at 1100 (stating that the second prong requires a showing that the mental impairment was "a but-for cause of any delay"); *see also Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013) (explaining that *Bills*'s "impossibility requirement should not be strictly imposed because imposing extraordinarily high evidentiary standards on pro se prisoner litigants . . . runs against the grain of [Ninth Circuit] precedent") (internal quotation marks omitted); *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (quoting *Bills*, 628 F.3d at 1097, for the general rule that "equitable tolling is available when the prisoner can show extraordinary circumstances were the cause of an untimely filing"); *Stancle v. Clay*, 692 F.3d 948, 959 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 1465 (2013) (interpreting *Bills* to ask whether "the mental impairment cause[d] an untimely filing"); *Roberts v. Marshall*, 627 F.3d 768, 771 n.5, 772 (9th Cir. 2010) (explaining that if "'a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was

caused by an extraordinary circumstance'") (quoting *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003)).

The district court found that Forbess's mental illness was not the but-for cause of his delay and denied Forbess's petition as untimely. The court reasoned that it was "equally probable or more probable that [Forbess's] late filing was caused by (1) failing to receive timely notice of the termination of his direct appeal; (2) not being advised by his appellate counsel of the one-year federal limitation period; and (3) then not understanding the state habeas/[post-conviction relief] system," and thus Forbess had not met his burden of proof. *Forbess*, 2012 WL 4324912, at *6.

We respectfully disagree. With all respect, the district court applied an overly-rigid interpretation of the but-for test set out in *Bills*, and did not consider the totality of the circumstances before it—especially the peculiar nature of Forbess's mental illness. If, as the district court found, Forbess could not rationally understand the need to pursue federal post-conviction relief, and if his reluctance to do so was due to his delusional belief that the FBI wanted him to lay low as bait for the cartel, then before the delusion lifted *nothing anyone might have said to him* about the need to timely file would have altered his behavior. *See Forbess*, 2012 WL 4324912, at *5. It follows that Forbess's confusion about the status of his case and the intricacies of his rights after his direct appeal ended cannot be dispositive. Even if Forbess had understood his legal rights completely, he would not have filed.

In short, Forbess's unique mental illness made it impossible for Forbess to timely file his federal habeas petition, *see Bills*, 628 F.3d at 1093, and in fact caused him to

fail to meet the filing deadline, *see Roberts*, 627 F.3d at 772. The district court erred by concluding otherwise.

## IV

Given the unique nature of Forbess's mental illness and the flexible, totality-of-the-circumstances approach that *Bills* requires, we conclude that Forbess has satisfied both *Bills* prongs. Accordingly, Forbess is entitled to equitable tolling of AEDPA's one-year statute of limitation and his petition for a writ of habeas corpus is timely. We reverse the judgment of the district court and remand for further proceedings.

**REVERSED and REMANDED.**