**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

YOW MING YEH,
         *Petitioner-Appellant*,

v.

MATTHEW MARTEL, Chief Deputy
Warden (A),
         *Respondent-Appellee*.

No. 11-55625

D.C. No.
5:10-cv-00965-
JVS-JCG

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
April 7, 2014—Pasadena, California

Filed May 13, 2014

Before: Myron H. Bright,[*] Jerome Farris, and
Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Farris;
Dissent by Judge Bright

---

[*] The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY**

### Habeas Corpus

The panel affirmed the district court's dismissal of an 28 U.S.C. § 2254 habeas corpus petition.

The panel held that petitioner was not entitled to equitable tolling of the limitations period due to either his limited English proficiency or his mental impairment, because neither constituted an "extraordinary circumstance" that prevented him from timely filing his petition and he did not diligently pursue his rights.

Judge Bright dissented. He would conclude that the district court abused its discretion in dismissing the petition as untimely, because petitioner has sufficiently alleged that a combination of extraordinary circumstances—each of which the majority analyzed in isolation instead of in combination— prevented him from filing a timely petition.

### COUNSEL

Rose D. Angulo (argued) and Sean Kennedy, Federal Public Defenders, Santa Ana, California, for Petitioner-Appellant.

Matthew Mulford (argued), Julie Garland, and Kevin Vienna, California Department of Justice, San Diego, California, for Respondent-Appellee.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

FARRIS, Circuit Judge:

I.

On July 18, 2006, Yow Ming Yeh pled guilty to one count of battery in California state court for biting a correctional officer while incarcerated at the California Rehabilitation Center. His state court judgment became final on September 18, 2006, when the time for appealing his conviction expired. He filed no direct appeal. In the year that followed, Yeh continued to request assistance for an appeal. On March 28, 2007, Yeh filed an Inmate Appeal Form requesting assistance from the public defender's office. He also requested a translator. On September 12, 2007, Yeh again requested to meet with his "appeals coordinator." On September 24, 2007, Yeh filed another Inmate Appeal Form. Over a year later, on October 17, 2008, Yeh filed a petition for a writ of habeas corpus in the California Court of Appeals, which was denied on November 19, 2008. Yeh subsequently filed similar petitions in the California Supreme Court and the Riverside County Superior Court, which were also denied.

On June 8, 2010, more than two and a half years after the limitations period had run, Yeh filed the present Petition for Writ of Habeas Corpus in federal court. The district court dismissed the petition as untimely because of the one-year statute of limitations. Yeh appeals the district court's judgment, arguing that he is entitled to equitable tolling based on (1) his limited English proficiency and (2) his mental impairment. Yeh is a non-English speaker with very limited English language abilities, who has a history of mental

illness, although he does not allege that he is mentally incompetent.

The dismissal of a habeas petition as barred by the statute of limitations is reviewed de novo, as is the issue of whether the petitioner is entitled to equitable tolling (so long as there are no facts in dispute). *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 2253, and we AFFIRM.

## II.

Equitable tolling is available to a habeas petitioner if (1) the petitioner pursued his rights diligently, and (2) an extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 645 (2010). This is a very high bar, and is reserved for rare cases. *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (emphasis in original); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (requirements are "very high, lest the exceptions swallow the rule"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (relief is "unavailable in most cases"). Yeh fails to meet this bar.

## A.

Yeh claims that his limited English proficiency constitutes an "extraordinary circumstance" that made it impossible for him to meet the deadline. Lack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance. *Mendoza v. Carey*, 449 F.3d

1065, 1070 (9th Cir. 2006). Here, Yeh received translation assistance on numerous occasions during the running of the one-year limitations period. In his Petition, he admits that "other inmates assist[ed] him" in many of his internal appeal filings. Since Yeh received assistance in translation during the relevant time period, his lack of linguistic understanding could not have made it "impossible" for him to meet the deadline.

## B.

Yeh next claims that his mental impairment constituted an "extraordinary circumstance" that prevented him from timely filing. The standard for equitable tolling based on mental impairment is delineated by *Bills v. Clark*, 628 F.3d 1092, 1099–100 (9th Cir. 2010):

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental

> impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Id*. This reiterates the stringency of the overall equitable tolling test: the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence. *Id.* at 1100.

Yeh's mental impairment claim fails. First, it cannot be that his mental impairment was so severe as to be the but-for cause of his delay. Yeh repeatedly sought administrative and judicial remedies, and throughout these proceedings showed an awareness of basic legal concepts: he was able to make requests for assistance from an appeals coordinator and an interpreter at his administrative hearings, and also to request assistance from a public defender after his conviction. Moreover, he was able to file a state habeas petition in three different California venues. These facts refute a claim of impairment so debilitating that one could not "rationally or factually" understand the meaning of a deadline. *See id.* at 1099–100.

Our recent decision in *Forbess v. Franke*, No. 12-35843 (9th Cir. Apr. 18, 2014), illustrates the type of petitioner entitled to equitable tolling. There, the petitioner "believed he was working undercover for the FBI, and his trial was a 'sham' orchestrated to lure his ex-wife out of hiding and arrest her for being part of an extensive drug distribution operation," and the "magistrate judge explicitly found that Forbess's delusions persisted throughout the relevant [limitations] period." *Id.* at 6–7. Yeh's mental impairment

and his allegations regarding that impairment come nowhere close to those in *Forbess*.

The record also reflects a lack of diligence. Multiple periods of delay demonstrate that Yeh failed to pursue relief diligently. Instead he allowed months and years to go by without acting. His state court conviction became final on September 18, 2006, but he did not file his state habeas petition for nearly two years (October 17, 2008). After his final state habeas petition was denied by the California Supreme Court (June 10, 2009), he allowed nearly an entire year to elapse before he filed his federal habeas petition (June 8, 2010). Even assuming it were true that he was unable to request relief because he was detained in a special housing unit (a contention refuted by the fact that three state habeas petitions were filed during this time), Yeh admits that he was released from this confinement on October 08, 2009. There is no explanation for the further nine-month delay. The record reflects a lack of reasonable diligence. Equitable tolling is not appropriate.

### III.

The district court properly denied the Petitioner's equitable tolling claim. The petition for habeas corpus is barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). **AFFIRMED**.

---

BRIGHT, Circuit Judge, dissenting:

I dissent. I would conclude that the district court abused its discretion in dismissing Yow Ming Yeh's federal habeas

Petition as untimely. Because Yeh has sufficiently alleged that a combination of extraordinary circumstances prevented him from filing a timely petition, he is entitled to an evidentiary hearing to determine whether equitable tolling applies.

The record reveals several barriers to Yeh's timely filing. At the time Yeh filed his federal Petition in June 2010, he was serving a six-year sentence for his conviction of battery upon a correctional officer.[1] While incarcerated, Yeh lacked any proficiency in the English language. Yeh had also been confined in administrative segregation and did not have legal representation during the time in which he was required to file a federal habeas petition. And as if that was not enough, the record also reflects that Yeh has a history of severe mental illness—a circumstance that the district court failed to address in assessing and denying equitable tolling or a hearing on that matter.

In denying Yeh relief, the majority does consider Yeh's allegation that his mental impairment tolled the statute of limitations for filing his Petition. But in doing so, the majority misreads the effect of this court's recent decision in *Forbess v. Franke*, No. 12-35843, __ F.3d __, 2014 WL 1509025 (9th Cir. Apr. 18, 2014), which sheds a new light on the importance of developing the record with respect to claims of equitable tolling due to mental impairment. In

---

[1] At oral argument, Yeh's counsel represented that Yeh has since been released from custody. Yeh's release does not render his Petition moot because "'the adverse consequences of [his] criminal conviction remain.'" *Goldyn v. Hayes*, 444 F.3d 1062, 1063 n.2 (9th Cir. 2006) (quoting *United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988)).

*Forbess*, this court reversed the district court's denial of relief and held that the petitioner was entitled to equitable tolling of the one-year statute of limitations for filing a federal habeas petition because his severe mental delusions prevented him from filing in a timely manner. *Id.* at __, 2014 WL 1509025, at *4. Critically, the district court gave the petitioner in *Forbess* the opportunity to present live testimony and submit supplemental exhibits before the magistrate judge to support his equitable tolling argument. *Forbess v. Mills*, No. 3:08-cv-01261-AC, 2012 WL 4324912 (D. Or. Aug. 17, 2012). The majority makes no mention of that important aspect of *Forbess*. And despite the fact that Yeh alleged that *multiple* circumstances prevented him from filing a timely petition, he received no similar opportunity to develop the record. The majority's denial of a remand for an evidentiary hearing for Yeh cannot be reconciled with *Forbess*.

In addition, the majority ignores the direct instruction in *Forbess* that a court's assessment of equitable tolling must be guided by a "flexible, totality-of-the-circumstances approach." __ F.3d at __, 2014 WL 1509025, at *4. Rather than consider the combination of factors alleged by Yeh, the majority erroneously analyzes each of Yeh's justifications for equitable tolling in isolation. In so doing, the majority ignores Yeh's principal argument: that the *combination* of lack of English proficiency, solitary confinement, and mental impairment prevented him from timely filing. *See Lott v. Mueller*, 304 F.3d 918, 923, 924 (9th Cir. 2002) (holding that the determination of equitable tolling is "'highly fact dependent'" and may "involve the confluence of numerous factors beyond the prisoner's control" (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc)).

The majority also misconstrues Yeh's burden at this stage of the proceedings. The majority rejects Yeh's claim of equitable tolling due to mental impairment on the ground that (1) Yeh's mental impairment was not sufficiently severe and (2) Yeh did not diligently pursue his federal habeas claims. But "we do not require [Yeh] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for tolling." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). Rather, Yeh must simply make "a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing." *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010).

Yeh has made such a showing. The record here is replete with evidence that Yeh has a history of mental illness and has been directed to institutions and programming focused on assisting inmates with mental health issues. This court has remanded for an evidentiary hearing under similar circumstances. *See Chick v. Chavez*, 518 Fed. App'x 567, 569 (9th Cir. 2013) (remanding for an evidentiary hearing even though "[t]he record reveals no medical evidence from the time period for which [the petitioner] seeks tolling" because the record revealed that the petitioner "had some degree of mental impairment"). Additionally, although a mental health clinician stated that Yeh would "need to be stabilized in a treatment setting" if found guilty of battery, the record does not speak to Yeh's mental condition after he was convicted nor whether he received the recommended treatment. It is necessary to develop the record on these important questions.

The majority also mistakenly relies on Yeh's ability to file internal prison requests and state habeas petitions as

evidence that he was not prevented from filing a timely petition. This is a non-sequitur. That Yeh made certain filings does not demonstrate his personal awareness of the timing requirements for filing a federal habeas petition nor his understanding of how to file a petition. Nor does assistance from fellow prisoners at various points in time demonstrate the availability of assistance at any time during the full period for which Yeh seeks tolling. Yes, the assistance Yeh received may call into question the degree to which his circumstances prevented him from filing a petition for habeas corpus in a timely manner. But that issue should be assessed after Yeh further develops the record at an evidentiary hearing with counsel present.

Finally, it's worth noting that granting an evidentiary hearing in these circumstances not only gives a petitioner a fair opportunity to develop the record on important issues, it also prevents undue delay which inevitably results from an appellate court remanding for a hearing that should have been granted in the first place. As a matter of justice and efficiency, a petitioner should be entitled to an evidentiary hearing when he or she presents a close case of equitable tolling, as is the case here. However, I fear the irreconcilability of the majority's opinion with the unanimous opinion in *Forbess* leaves the law of the Ninth Circuit with respect to equitable tolling unsettled and in conflict. The majority's decision today will place district judges in a quandary when assessing whether to grant or deny an evidentiary hearing on a claim of equitable tolling, particularly when the claim includes an allegation of mental illness.

In closing, the majority, denying any hearing or relief, would minimize Yeh's circumstances compared to those

suffered by Forbess. The majority states, "Yeh's mental impairment and his allegations regarding that impairment come nowhere close to those in *Forbess*." *Supra* Part II.B. But given the skeletal nature of the record, how can the majority reach such a conclusion? Such statement carries little relevance or weight when made by a non-medical person without the benefit of a developed record. As in *Forbess*, the district court and this court should decide the disposition of Yeh's claim only after the development of the record through an evidentiary hearing with appropriate findings of fact by the district court.

In closing, the pro se petitioner in this case alleges a lack of English proficiency, a history of severe mental impairment, and confinement in administrative segregation during the period in which he was required to file a federal habeas petition. If that person, Yeh, is not entitled to an evidentiary hearing on equitable tolling, then who is?