BRIGHT, Circuit Judge,
dissenting:
I dissent. I would conclude that the district court abused its discretion in dismissing Yow Ming Yeh’s federal habeas Petition as untimely. Because Yeh has sufficiently alleged that a combination of extraordinary circumstances prevented him from filing a timely petition, he is entitled to an evidentiary hearing to determine whether equitable tolling applies.
The record reveals several barriers to Yeh’s timely filing. At the time Yeh filed his federal Petition in June 2010, he was serving a six-year sentence for his conviction of battery upon a correctional officer.[1] While incarcerated, Yeh lacked any proficiency in the English language. Yeh had also been confined in administrative segregation and did not have legal representation during the time in which he was required to file a federal habeas petition. And as if that was not enough, the record also reflects that Yeh has a history of severe mental illness — a circumstance that the district court failed to address in assessing and denying equitable tolling or a hearing on that matter.
In denying Yeh relief, the majority does consider Yeh’s allegation that his mental impairment tolled the statute of limitations for filing his Petition. But in doing so, the majority misreads the effect of this court’s recent decision in Forbess v. Franke, No. 12-35843, 749 F.3d 837, 2014 WL 1509025 (9th Cir. Apr. 18, 2014), which sheds a new light on the importance of developing the record with respect to claims of equitable tolling due to mental impairment. In Forbess, this court reversed the district court’s denial of relief and held that the petitioner was entitled to equitable tolling of the one-year statute of limitations for filing a federal habeas petition because • his severe mental delusions prevented him from filing in a timely manner. Id. at 841-42, -2014 WL 1509025, at *4. Critically, the district court gave the petitioner in Forbess the opportunity to present live testimony and submit supplemental exhibits before the magistrate judge to support his equitable tolling argument. Forbess v. Mills, No. 3:08-cv01261-AC, 2012 WL 4324912 (D.Or. *1080 Aug. 17, 2012). The majority makes no mention of that important aspect of Forbess. And despite the fact that Yeh alleged that multiple circumstances prevented him from filing a timely petition, he received no similar opportunity to develop the record. The majority’s denial of a remand for an evidentiary hearing for Yeh cannot be reconciled with Forbess.
In addition, the majority ignores the direct instruction in Forbess that a court’s assessment of equitable tolling must be guided by a “flexible, totality-of-the-circumstances approach.” 749 F.3d at 842, 2014 WL 1509025, at *4. Rather than consider the combination of factors alleged by Yeh, the majority erroneously analyzes each of Yeh’s justifications for equitable tolling in isolation. In so doing, the majority ignores Yeh’s principal argument: that the combination of lack of English proficiency, solitary confinement, and mental impairment prevented him from timely filing. See Lott v. Mueller, 304 F.3d 918, 923, 924 (9th Cir.2002) (holding that the determination of equitable tolling is “ ‘highly fact dependent’ ” and may “involve the confluence of numerous factors beyond the prisoner’s control”) (quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir.2000) (en banc)).
The majority also misconstrues Yeh’s burden at this stage of the proceedings. The majority rejects Yeh’s claim of equitable tolling due to mental impairment on the ground that (1) Yeh’s mental impairment was not sufficiently severe and (2) Yeh did not diligently pursue his federal habeas claims. But “we do not require [Yeh] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for tolling.” Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir.2003). Rather, Yeh must simply make “a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing.” Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir.2010).
Yeh has made such a showing. The record here is replete with evidence that Yeh has a history of mental illness and has been directed to institutions and programming focused on assisting inmates with mental health issues. This court has remanded for an evidentiary hearing under similar circumstances. See Chick v. Chavez, 518 Fed.Appx. 567, 569 (9th Cir.2013) (remanding for an evidentiary hearing even though “[t]he record reveals no medical evidence from the time period for which [the petitioner] seeks tolling” because the record revealed that the petitioner “had some degree of mental impairment”). Additionally, although a mental health clinician stated that Yeh would “need to be stabilized in a treatment setting” if found guilty of battery, the record does not speak to Yeh’s mental condition after he was convicted nor whether he received the recommended treatment. It is necessary to develop the record on these important questions.
The majority also mistakenly relies on Yeh’s ability to file internal prison requests and state habeas petitions as evidence that he was not prevented from filing a timely petition. This is a nonsequitur. That Yeh made certain filings does not demonstrate his personal awareness of the timing requirements for filing a federal habeas petition nor his understanding of how to file a petition. Nor does assistance from fellow prisoners at various points in time demonstrate the availability of assistance at any time during the full period for which Yeh seeks tolling. Yes, the assistance Yeh received may call into question the degree to which his circumstances prevented him from filing a petition for habeas corpus in a timely manner. But that issue should be assessed after *1081 Yeh further develops the record at an evidentiary hearing with counsel present.
Finally, it’s worth noting that granting an evidentiary hearing in these circumstances not only gives a petitioner a fair opportunity to develop the record on important issues, it also prevents undue delay which inevitably results from an appellate court remanding for a hearing that should have been granted in the first place. As a matter of justice and efficiency, a petitioner should be entitled to an evidentiary hearing when he or she presents a close ease of equitable tolling, as is the ease here. However, I fear the irreconcilability of the majority’s opinion with the unanimous opinion in Forbess leaves the law of the Ninth Circuit with respect to equitable tolling unsettled and in conflict. The majority’s decision today will place district judges in a quandary when assessing whether to grant or deny an evidentiary hearing on a claim of equitable tolling, particularly when the claim includes an allegation of mental illness.
In closing, the majority, denying any hearing or relief, would minimize Yeh’s circumstances compared to those suffered by Forbess. The majority states, ‘Yeh’s mental impairment and his allegations regarding that impairment come nowhere close to those in Forbess.” Supra Part II.B. But given the skeletal nature of the record, how can the majority reach such a conclusion? Such statement carries little relevance or weight when made by a non-medical person without the benefit of a developed record. As in Forbess, the district court and this court should decide the disposition of Yeh’s claim only after the development of the record through an evidentiary hearing with appropriate findings of fact by the district court.
In closing, the pro se petitioner in this case alleges a lack of English proficiency, a history of severe mental impairment, and confinement in administrative segregation during the period in which he was required to file a federal habeas- petition. If that person, Yeh, is not entitled to an evidentiary hearing on equitable tolling, then who is?

. At oral argument, Yeh's counsel represented that Yeh has since been released from custody. Yeh’s release does not render his Petition moot because " 'the adverse consequences of [his] criminal conviction remain.’ ” Goldyn v. Hayes, 444 F.3d 1062, 1063 n. 2 (9th Cir.2006) (quoting United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir.1988)).