WALLACE, Circuit Judge,
dissenting:
I respectfully dissent on two grounds. First, the majority errs in applying the de novo standard of review to the district court’s factual determination of mental incompetency. Reviewed through the lens of deference owed to a district court’s factual determinations, I conclude that the district court’s finding was not clearly erroneous and should be affirmed. Second, even if the district court’s findings regarding the severity of Mr. Chatman’s mental illness were clearly erroneous, the majority also errs in reversing the district court’s judgment while factual issues remain to be determined in the first instance by the district court. To reach its result, the majority improperly exceeds this court’s appellate function by independently making a factual finding for the first time on appeal: that Mr. Chatman was diligent in pursuing his claims.
I.
A district court’s determination regarding the severity of a petitioner’s mental incapacity, in the context of an equitable tolling analysis, is a factual determination. Accordingly, our court has consistently applied the clear error review standard to such determinations. Stancle v. Clay, 692 F.3d 948, 958 (9th Cir.2012) (“Stancle bases his equitable tolling argument on his alleged mental incompetency. Thus, we would generally review the district court’s finding regarding Stancle’s competency for clear error.” (emphasis added)); Forbess v. Franke, 749 F.3d 837, 840-41 (9th Cir.2014) (referring repeatedly to the district court’s “severity” determination as a “finding” and accepting the finding as “controlling” because it was “well documented”); Wright v. Mcdonald, 468 Fed.Appx. 678, 679 (9th Cir.2012) cert. denied, — U.S. -, 133 S.Ct. 323, 184 L.Ed.2d 191 (2012) (“[A]fter assessing the medical documentation submitted by Wright, the district court did not clearly err in finding that Wright failed to demonstrate cognitive impairment rising to the level of an extraordinary circumstance.” (emphasis added)); Simon v. Uribe, 528 Fed.Appx. 764, 765 (9th Cir.2013) (district court’s “finding of fact” that petitioner “failed to show that he suffered from a mental impairment during the tolling period ... was not clearly erroneous”). See also Jones v. Turner, 449 Fed.Appx. 701, 702 (9th Cir.2011) (holding that the district court’s “finding” that petitioner’s trifecta of impediments combined “did not make it impossible for him to timely file his habeas petition ... was not clear error”).
In spite of this consistent authority, however, the majority quotes language from Bills it believes “appears to authorize de novo review.” While it is true the ultimate question whether a petitioner is entitled to equitable tolling is reviewed de *729 novo, Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003), the prerequisite finding about the severity of a petitioner’s mental illness is a factual one that may be reversed only if clearly erroneous, see Forbess, 749 F.3d at 840-41. Bills acknowledged this distinction in affirming that “[w]e review the district court’s finding of competency for clear error.” 628 F.3d at 1096 (emphasis added). Indeed, the majority itself correctly refers to these determinations as “findings” rather than conclusions of law.
Applying the proper standard of review, I do not believe the district court’s factual finding was clearly erroneous. Given the record evidence presented, the magistrate judge concluded (and the district court agreed) that Chatman failed to carry his burden under the first test of Bills to show that, during the relevant period, his mental illness was so severe that he was unable either to understand the need to file or to personally prepare and file a habeas petition. This finding was not clearly erroneous. Unlike the petitioner in Forbess, whose impairment led him to believe the FBI would release him from prison on its own accord without any action on his part, Chatman failed to identify how his impairments left him unable to understand the need to timely file. Of course, the record demonstrates that Chatman suffered from some degree of mental illness; that he was “suspicious” and “anxious”; that he had a fifth-grade reading level; that he exhibited a “dysphoric” demeanor; and that he sometimes heard voices. Perhaps if this panel were siting as the fact finder, it would find these impairments to be sufficiently severe so as to render Chatman “unable rationally or factually to personally understand the need to timely file.” Bills, 628 F.3d at 1100. But as an appellate court, we cannot reverse the district court’s factual findings unless they are clearly erroneous. In my view, the district court’s finding on this test was not clearly erroneous.
II.
Even if the majority were to have applied the correct review standard and determined that the district court’s finding was clearly erroneous, it still could not properly reverse the district court’s judgment without first remanding for further factual findings. Instead of remanding, however, the majority takes it upon itself to proceed independently through the Bills analysis and find, for the first time on appeal, that Chatman “demonstrated that he was diligent in pursuing his claims under the second prong of Bills.” This, like the severity determination, is a factual finding to be made in the first instance by the district court. In this case, however, the magistrate judge and the district court never reached, and therefore never made, a factual finding on the issue of Chatman’s diligence. It is improper, therefore, for this court to make that factual finding for the first time on appeal. Hycon Mfg. Co. v. H. Koch & Sons, 219 F.2d 353, 355 (9th Cir.1955) (“No authority is given except to District Courts to make new findings of fact. Presently our sole function as to such findings is to re-examine judicially, criticize and set aside if clearly erroneous”). Assuming we needed to reach the issue of diligence (which, for the reasons stated above, I do not), the proper course would be to remand for a finding on petitioner’s diligence, not to make that finding in the first instance on appeal. I therefore dissent.