**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOCORRO ZAMUDIO-REYES, | No. 15-15518 |
| Petitioner-Appellant, | D.C. No. 3:13-cv-03175-VC |
| v. | |
| XAVIER BECERRA**, Attorney General, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted November 15, 2017
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and PAEZ, Circuit Judges.

Socorro Zamudio-Reyes ("Zamudio-Reyes") appeals the dismissal of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction

under 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's decision

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* Xavier Becerra is substituted for his predecessor, Kamala D. Harris,
Attorney General. Fed R. App. P. 43(c)(2).

to dismiss a federal habeas petition as time-barred under 28 U.S.C. § 2244(d)(1). *See Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006).  We vacate and remand.

In *Holland v. Florida*, the Supreme Court held a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In determining whether a petitioner is entitled to equitable tolling, the Court rejected "an overly rigid *per se* approach."  *Id.* at 653. Instead, the Court emphasized the flexibility needed to evaluate equitable tolling claims.  *Id.* at 649–50.  The equitable tolling inquiry must be undertaken on a case-by-case basis because "specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case."  *Id.* at 650.  Our post-*Holland* cases have also emphasized the need for flexibility and an appreciation of the specific circumstances of each case, rather than reliance on rigid, mechanical rules.  *See, e.g.*, *Forbess v. Franke*, 749 F.3d 837, 841–42 (9th Cir. 2014).

Although the district court cited *Holland* to show the AEDPA statute of limitations is subject to equitable tolling in appropriate cases, the court did not apply *Holland*'s more flexible, fact-intensive approach in its treatment of Zamudio-Reyes's testimony.  For example, the district court wrote that Zamudio-Reyes "relies heavily on factors that do not justify equitable tolling, such as . . . his

2

inability to build a relationship of trust with other inmates" out of safety concerns. The court also noted that Zamudio-Reyes did not say "he was always on lockdown," but held that even if he had, "lockdown does not in itself warrant equitable tolling." In an appropriate case, both concerns for safety and lockdown—partial or complete—may present extraordinary circumstances that warrant equitable tolling. Whether this is so depends on the particular facts of each case.

Further, the district court wrote that "Zamudio-Reyes had access to translation services in May 2012, when he filed an ex parte application with the Sonoma County Superior Court[,] . . . rais[ing] an inference that he could have availed himself of these services in the subsequent months, but he nonetheless delayed significantly in filing his state habeas petition." In *Gibbs v. LeGrand*, 767 F.3d 879 (9th Cir. 2014), we held the proper equitable tolling inquiry is whether the habeas petitioner exercised reasonable diligence *during* the period in which the extraordinary circumstance that justified equitable tolling existed, not after that period has ceased. *Id.* at 892. This conclusion is in line with the stop-clock rule we established in *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194–95 (9th Cir. 2001) (en banc). Under the stop-clock rule, "the event that 'tolls' the statute simply *stops the clock* until the occurrence of a later event that permits the statute to resume running." *Id.* at 1195.

3

Where equitable tolling extends the limitations period beyond one year, statutory tolling is available beyond that one year, so long as the limitations period, equitable tolling included, has not expired. *See Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). The California Supreme Court denied Zamudio-Reyes's state habeas petition on April 17, 2013, and Zamudio-Reyes filed his federal habeas petition 84 days later on July 10, 2013. Because Zamudio-Reyes filed his first state habeas petition on October 22, 2012,[1] he must be entitled to equitable tolling, statutory tolling, or some combination of the two until roughly January 15, 2012 (or 281 days before he filed his first state habeas petition) for his federal petition to be timely. Therefore, the question for the district court is whether Zamudio-Reyes is entitled to equitable tolling from July 13, 2010 (the date Zamudio-Reyes's state sentence became final) to approximately January 15, 2012. We remand to the district court to make that determination.

**VACATED AND REMANDED.**

---

[1] We note that Zamudio-Reyes claims he delivered his petition to prison officials for mailing on October 18, 2012. The record is inconclusive. If, however, Zamudio-Reyes is correct, then October 18, 2012 should be taken as the filing date and the limitations period adjusted accordingly. *See Houston v. Lack*, 487 U.S. 266 (1988). "[T]he mailbox rule applies with equal force to the filing of state as well as federal petitions." *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).