No. 641          December 6, 2023          421

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STEVEN CHARLES FORBESS,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
18CV44854; A178670

Eva J. Temple, Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Egan, Judge, and Tookey, Judge.

TOOKEY, J.

Judgment of post-conviction court reversed on Claim 8, relating to petitioner's conviction on Count 1, based on a nonunanimous jury verdict; reversed and remanded on Claim 8 relating to petitioner's convictions on Counts 16 through 19 for findings as to which conviction or convictions were based on nonunanimous verdicts; otherwise affirmed.

**TOOKEY, J.**

Petitioner appeals a judgment dismissing petitioner's eight claims for post-conviction relief after the post-conviction court granted the state's motion for summary judgment. Petitioner raises six assignments of error on two distinct issues. In his first through third assignments of error, petitioner contends that, although his petition is both untimely and successive, the post-conviction court erred in granting the state's motion for summary judgment on Claims 1 through 7, because petitioner could not reasonably have raised those claims earlier or in his prior petition for post-conviction relief. In his fourth through sixth assignments of error, petitioner contends that the post-conviction court erred in granting the state's motion for summary judgment on Claim 8, in which petitioner sought reversal of nonunanimous jury verdicts under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Viewing the evidence in the record and all reasonable inferences that may be drawn therefrom in favor of the nonmoving party, ORCP 47 C, we reverse and remand the judgment as to Claim 8 and otherwise affirm.

Petitioner was convicted in 1999 in two separate jury trials of various crimes. At petitioner's first trial, the jury convicted petitioner nonunanimously on Count 1, and at petitioner's second trial, the jury convicted petitioner nonunanimously on at least one of Counts 16 through 19.[1] Petitioner then appealed, and we affirmed his convictions without opinion. *State v. Forbess*, CA No. A107572 (2001).

In 2003, petitioner filed a claim for post-conviction relief which the post-conviction court rejected. We subsequently affirmed the post-conviction judgment without opinion, and the Oregon Supreme Court denied review. *Forbess v. Belleque*, 218 Or App 735, 180 P3d 763, *rev den*, 345 Or 301 (2008). In 2008, petitioner sought federal habeas relief in the United States District Court for the District of Oregon.

_____

[1] When asked, the foreperson of jury in petitioner's second trial said that not all convictions on Counts 16 thru 19 were unanimous. When the trial court asked whether petitioner's trial counsel required the jury to be polled, counsel declined. Consequently, there is no record of which or how many of those convictions were nonunanimous.

The district court dismissed petitioner's habeas claim, determining that it was untimely. *Forbess v. Mills*, 2012 WL 4324912 (D Or 2012).[2] Ultimately, in 2016, the United States Court of Appeals for the Ninth Circuit dismissed petitioner's habeas claim. *Forbess v. Mills*, Docket 3:08-CV-01261, 146. Petitioner, who was incarcerated, then requested his case file from his federal appellate counsel. Petitioner received that file in 2017 and filed a *pro se* petition for *certiorari* in the United States Supreme Court, which that court denied. *Forbess v. Amsberry*, 583 US 858, 138 S Ct 163, 199 L Ed 2d 98 (2017).

By petitioner's account, in May 2018, petitioner found seven pieces of exonerating evidence in his case file that he had never seen before. In October 2018, petitioner brought the instant successive petition for post-conviction relief, asserting seven claims for relief based on ineffective assistance of counsel, one with respect to each of the seven pieces of evidence, and an eighth claim for relief under *Ramos* based on the nonunanimous jury verdicts. The state moved for summary judgment, and the post-conviction court granted that motion and dismissed petitioner's claims, determining that the record did not include evidence from which it could be found that petitioner's claims fell within the escape clauses of ORS 138.510 and ORS 138.550. Petitioner now appeals that judgment.

*Petitioner's First through Third Assignments of Error.* In his first three assignments of error, petitioner challenges the post-conviction court's grant of the state's motion for summary judgment and entry of judgment dismissing petitioner's Claims 1 through 7 for ineffective assistance of trial counsel. In post-conviction proceedings, a movant is entitled to summary judgment if, viewing the evidence in the record in the light most favorable to the opposing party, the record shows that there is no genuine issue as to any material fact and the movant is entitled to prevail as a matter

---

[2] Petitioner then appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit reversed the district court's determination of untimeliness and remanded for further consideration. *Forbess v. Franke*, 749 F3d 837 (9th Cir 2014). The District Court re-examined petitioner's claims and dismissed them on the merits, declining to issue a Certificate of Appealability. *Forbess v. Mills*, Docket 3:08-CV-01261, 142.

of law. *See, e.g.*, *Canales-Robles v. Laney*, 314 Or App 413, 415, 498 P3d 343 (2021). The post-conviction court granted defendant's motion on the ground that petitioner had failed to present evidence that his claims fall within the statutory escape clause of ORS 138.550(3).[3] The question on appeal is whether, viewing the record in the light most favorable to petitioner, there is a genuine issue as to a material fact that precludes summary judgment for the state.

ORS 138.550(3) bars successive petitions for post-conviction relief, requiring that all claims "must be asserted in the original or amended petition" and providing that "any claims not so asserted are deemed waived." The escape clause of ORS 138.550(3) nevertheless allows successive claims if the petitioner alleges grounds for post-conviction relief that "could not reasonably have been raised in the original or amended petition:"

> "ORS 138.550(3) codifies claim preclusion principles: It addresses the question of whether a petitioner who already has litigated a petition for post-conviction relief may return to court and litigate a second time, and it provides that a petitioner may not do so where counsel reasonably could have raised the grounds at issue in that prior litigation."

*Gutale v. State of Oregon*, 364 Or 502, 518, 435 P3d 728 (2019). The burden is on the petitioner to show that a "ground for relief comes within the escape clause." *Verduzco v. State of Oregon*, 357 Or 553, 565, 355 P3d 902 (2015) (internal citations omitted).

In this case, petitioner concedes that his claims for relief are successive. Petitioner also concedes that the evidentiary documents were in existence and in his trial court file in 1999, when petitioner was first convicted. However, petitioner argues that his claims nonetheless fall under the escape clause in ORS 138.550(3). Petitioner claims he could not reasonably have raised the instant grounds for relief sooner or in his initial petition for post-conviction relief,

---

[3] The state also moved for summary judgment under ORS 138.510, which bars untimely claims. Because this is petitioner's second petition for post-conviction relief, the applicable provision is ORS 138.550, relating to successive petitions. Given our conclusion concerning petitioner's arguments relating to successive petitions (ORS 138.550), we need not address petitioner's arguments relating to untimeliness (ORS 138.510).

because those grounds arose from evidence of which petitioner was not aware and to which he did not have access until 2017, and which petitioner was not able to review until 2018. Petitioner argues that his personal direct knowledge and physical possession of the evidentiary documents are the operative conditions to determine whether he reasonably could have raised the instant grounds for relief in his previous petition.

Because petitioner has already litigated a petition for post-conviction relief, the question is whether counsel reasonably could have raised the grounds at issue here in petitioner's prior petition for post-conviction relief. *Gutale*, 364 Or at 518. Petitioner's counsel in petitioner's previous post-conviction proceeding could have raised the instant grounds for relief, because, as petitioner concedes, counsel had access to the evidentiary documents in question. In fact, petitioner's counsel did raise some of the same issues in petitioner's previous post-conviction proceeding.[4] Thus, we agree with the post-conviction court that there was no issue of material fact as to whether petitioner reasonably could have raised the instant grounds for relief in his previous petition for post-conviction relief. The post-conviction court therefore did not err in granting the state's motion for summary judgment and dismissing Claims 1 through 7.

*Petitioner's Fourth through Sixth Assignments of Error.* Petitioner contends that the post-conviction court erred when it granted the state's motion for summary judgment on petitioner's Claim 8 seeking retroactive relief under *Ramos* on petitioner's fourth amended petition for relief. The state concedes that, in light of *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), the post-conviction court erred. We agree and accept that concession.[5] The record shows that petitioner's conviction on Count 1 was by nonunanimous jury verdict

---

[4] Some specific claims for ineffective assistance of counsel which petitioner brought in 2003 are also raised in the instant petition: (Claim 2) failure to use an Ashland Police Department report to impeach hospital staff; (Claim 3) failure to impeach the victim using her inconsistent prior testimony about her relationship with petitioner; (Claim 6) failure to impeach the victim using evidence of petitioner's back surgery and resulting physical disability; (Claim 7) failure to impeach the victim using a photograph of the victim wearing her watch in the hospital.

[5] We note that *Watkins* was decided after the post-conviction court's denial of petitioner's claims.

and that at least one of petitioner's convictions on Counts 16 through 19 was by nonunanimous jury verdict.

In *Ramos*, the United States Supreme Court held that the Sixth and Fourteenth Amendments require jury unanimity for a conviction in state court. 590 US at 1397. In *Watkins*, the Oregon Supreme Court held that *Ramos* applies retroactively in a post-conviction proceeding under Oregon's Post-Conviction Hearing Act, ORS 138.510 to 138.680. 370 Or at 607. We therefore reverse the post-conviction court's judgment dismissing petitioner's Claim 8, and remand for further proceedings.

Judgment of post-conviction court reversed on Claim 8, relating to petitioner's conviction on Count 1, based on a nonunanimous jury verdict; reversed and remanded on Claim 8 relating to petitioner's convictions on Counts 16 through 19 for findings as to which conviction or convictions were based on nonunanimous verdicts; otherwise affirmed.